# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MACK FINANCIAL SERVICES, ET AL. | CIVIL ACTION |
| VERSUS | No. 18-9606 |
| SUGARLAND EXPRESS LLC, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is plaintiffs Mack Financial Services ("Mack Financial") and VFS Leasing Company's ("VFS") (collectively, the "plaintiffs") motion for entry of a default judgment against defendants Sugarland Express, LLC ("Sugarland Express"), TAK, L.L.C. ("TAK"), Arabie Trucking Services, LLC ("Arabie Trucking"), Myrna Arabie, and Sandy Arabie (collectively, the "defendants"). The plaintiffs request that the Court enter a judgment in their favor and award contractual damages, injunctive relief,[1] pre-judgment interest, post-judgment interest, attorneys' fees, and costs. For the following reasons, the motion is granted.

---

[1] Pursuant to the relevant credit sales contracts and their respective modifications and assignments, all rights and interests in the Schedule 001 Collateral and the Schedule 002 Collateral, as those terms are defined in the verified complaint, were assigned to Mack Financial. *See* R. Doc. No. 1, at 4, 5. Pursuant to the relevant loan agreements and their respective modifications and acknowledgments and subordinations, all of Arabie Trucking Services, LLC's rights to the Schedule 006 Collateral, as defined in the verified complaint, were subjected and subordinated to the terms of the loan agreements, including Mack Financial's right to take possession of such collateral in the event of default. *See id.* at 7. Pursuant to the relevant loan contracts and their respective modifications, Mack Financial was also granted a security interest in the Schedule 008 Collateral and the Schedule 009 Collateral, as those terms are defined in the verified complaint. *See id.* at 8, 10. Arabie Trucking Services, LLC executed an acknowledgment and subordination agreeing that its rights to any equipment were subject and subordinate to terms of the loan contracts,

**I.**

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process.

First, the plaintiff must petition the clerk for an entry of default, which is simply "the placement of a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the default, the plaintiff must show "by affidavit

---

including Mack Financial's right to take possession of the equipment in the event of default. *Id.* at 10. Pursuant to the relevant loan agreement and its modifications, Mack Financial was granted a security interest in the Schedule 011 Equipment, as defined in the verified complaint. *Id.* at 11–12. Arabie Trucking Services, LLC executed an acknowledgment and subordination agreeing that its rights to the equipment were subject and subordinate to terms of the loan contract. *Id.* at 12. Finally, pursuant to the relevant lease agreement and its modifications, VFS is the owner of the Schedule 007 Equipment, and Arabie Trucking Services, LLC executed an acknowledgment and subordination agreeing that its rights to the equipment were subject and subordinate to the terms of the lease agreement, including VFS's right to take possession of the equipment in the event of default. *Id.* at 13–14.

The plaintiffs request that the Court recognize and maintain their security interests in the Schedule 001, 002, 006, 008, 009, 011, and 007 Equipment. R. Doc. No. 12, at 4. The plaintiffs also request that the Court order, in accordance with the pertinent agreements, the defendants to return certain collateral so that the plaintiffs may take possession of it and sell it at a private sale in partial satisfaction of the amounts owed. *Id.* at 4–6.

or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of a judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

The Court is entitled to consider many factors when determining whether to enter a default judgment including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or

3

excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## II.

The defendants were served on November 11, 2018, and their responsive pleadings were due November 23, 2018.[2] As of this date, the defendants have yet to file responsive pleadings or make an appearance. On November 28, 2018, the Clerk of Court entered a default against the defendants for failure to plead or otherwise defend themselves,[3] and on January 22, 2019, the plaintiffs moved for a default judgment.[4] The Court must determine whether, accepting the well-pleaded factual allegations in the plaintiffs' verified complaint as true, the plaintiffs are entitled to a judgment against the defendants for the amounts specified in their motion, in addition to an award of pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

The plaintiffs assert breach of contract claims under Louisiana law.[5] In support of such claims, the plaintiffs have provided summary judgment-type

---

[2] *See* R. Doc. No. 7.
[3] R. Doc. No. 13.
[4] R. Doc. No. 14.
[5] Pursuant to Louisiana law, "[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation." La. Civ. Code art. 1994; *see also Favrot v. Favrot*, 10-986, p. 14–15 (La. App. 4 Cir. 2/9/11); 68 So.3d 1099, 1108–09, *writ denied*, 11-0636 (La. 5/6/11); 62 So.3d 127 ("The essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.").

4

evidence. Upon review of the verified complaint and its exhibits, the present motion, and the affidavits attached to the motion, the Court is satisfied that the plaintiffs are entitled to a default judgment against the defendants for their claims.

With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, No. 98-10151, 1998 WL 723820, at *1 (5th Cir. 1998). In support of their motion, the plaintiffs submitted an affidavit from Tara Disher Maxey, the plaintiffs' duly authorized agent with respect to the relevant contracts, which establishes the basis for the plaintiffs' demands.[6] Additionally, attached to the verified complaint are the contracts; addendums, assignments, and modifications; title certificates; and other relevant documents.

The Court concludes that the amount demanded constitutes a sum certain in that it is the balance owed on several contracts entered into between the plaintiffs and the defendants. *See Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note"). Furthermore, the Court finds that the plaintiffs have submitted sufficient evidence to support their demand without the need for an evidentiary hearing.

The plaintiffs also request pre-judgment and post-judgment interest. The pre-judgment interest rates were agreed upon by the parties to the contracts and are

---

[6] *See* R. Doc. No. 16.

specified therein. The contracts also specify that the calculation of pre-judgment interest begins from the dates of default.[7] The plaintiffs calculated the principal amounts to include pre-judgment interest from the dates of default through the date of their calculations, January 8, 2019. Consequently, they only request that the Court award pre-judgment interest beginning on January 9, 2019.

"Federal law governs post-judgment interest." *Fogleman*, 607 F.3d at 173. The plaintiffs may recover post-judgment interest pursuant to 28 U.S.C. § 1961, which provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment."

Finally, the plaintiffs request attorneys' fees and costs in the amount of $8,245.15. In support of this request, plaintiffs' counsel submitted a declaration from lead attorney L. Cole Callihan ("Callihan") as well as a detailed billing log.[8] In the Fifth Circuit, courts use the lodestar method to calculate attorneys' fees. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The lodestar method entails a two-step process: "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995) (citing *Hensley*, 461 U.S. at 433). "Then, the district court must multiply the

---

[7] The dates of default for the Schedule 001, 002, 006, 008, 009, 011, and 007 Contracts are attached as spreadsheet pages to the affidavit. *See* R. Doc. No. 16, at 15–21.
[8] *See generally* R. Doc. Nos. 12-3, 14.

6

reasonable hours by the reasonable hourly rates," which results in the lodestar. The second step permits the court to adjust the amount upward or downward based on "the relative weights" of the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, 489 U.S. 87 (1989)). *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).[9]

In this case, the lodestar calculation results in an award of $7,370.[10] After considering the *Johnson* factors, the Court concludes that the lodestar need not be adjusted. *See Saizan*, 448 F.3d at 800 ("There exists a strong presumption of the reasonableness of the lodestar amount."). The plaintiffs may also recover the $875.15 in costs that they have incurred in connection with this matter.[11]

### III.

After considering the plaintiffs' motion and accompanying affidavit, as well as the verified complaint, its attachments, and the applicable law, the Court finds that

---

[9] The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Black v. SettlePou, P.C.*, 732 F.3d 492, 502 n.7 (5th Cir. 2013) (citing *Johnson*, 488 F.2d at 717–19).
[10] *See* R. Doc. No. 14, at 5–8.
[11] *Id.* at 2.

there are no factors that weigh against entering a default judgment against the defendants because there are no material facts at issue, the Court has not been apprised of any good faith mistake or substantial prejudice to the defendants, and the grounds for default are clearly established.

Accordingly,

**IT IS ORDERED** that the motion for a default judgment is **GRANTED**, as more specifically set forth in the Court's judgment.

New Orleans, Louisiana, February 1, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**